175 So. 262

**WOODS v. THOMPSON et al.**

**7 Div. 449.**

Supreme Court of Alabama.

June 14, 1937.

Rehearing Denied June 29, 1937.

524

Culli, Culli & Swann, of Gadsden, for appellant.

O. R. Hood and Roger C. Suttle, both of Gadsden, for appellees.

KNIGHT, Justice.

Bill of F. R. Thompson and others against M. B. Woods for injunctive relief.

It appears from the averments of the bill that the said complainants are agents, servants, or employees of the Gulf States Steel Company, at Gadsden, Ala.; that the respondent M. B. Woods had filed numerous suits against persons who had borrowed money from him; that he had secured a number of judgments in these suits; that in his attempt to enforce collection of the judgments, he had caused writs of garnishment to be issued, and served upon the Gulf States Steel Company, as garnishee. The bill sets forth the names of nine defendants in judgment, and as to each of whom writs of garnishment had been served upon said company. In each case the company had filed its answer, denying indebtedness, etc. In each case the plaintiff in judgment, said Woods, had filed statutory contest, and had caused writs of subpœna to be issued by the justice of the peace, before whom the cases were pending, and to be served upon the complainants in this cause. The contests were set down for hearing, on nine consecutive days.

The bill further avers that the only person who could give testimony as to the indebtedness, vel non, of the Gulf States Steel Company to the several defendants was R. P. Tatum, the company's timekeeper; that the other complainants knew nothing as to the matters involved in the contest; that Tatum appeared in the justice court and offered to testify in full about the matters, but on motion of the plaintiff, the cause was continued until another date, on account of the absence of said F. R. Thompson, A. P. Hamilton, and L. G. Shores, the other witnesses subpœnaed by plaintiff.

It also appears that the plaintiff in the garnishment suits had caused a subpœna duces tecum to be issued for, and served on the Gulf States Steel Company.

The fourteenth paragraph of the bill, and the one on which complainants really base their equity, as well as the first and second paragraphs of the prayer, appear in the report of the case.

It is well to here note that the Gulf States Steel Company is not a party to the bill, nor are any of the defendants in the several law actions before the court. They are not complaining.

The only parties complainant are the four witnesses subpœnaed by the justice of the peace, at the request of the plaintiff in several law actions.

The court granted a temporary injunction on the filing of the bill, and refused to dissolve the same upon hearing, which

was had, on behalf of complainants, on the original bill and exhibit thereto, and on behalf of respondent Woods, on his demurrers to the bill and his motion to dissolve.

Upon what equitable theory the complainants were impressed that, at their suit, a court of equity would enjoin further proceedings in the garnishment contests, we fail to see. So far as these contests were concerned, the complainants were and are witnesses only. The Gulf States Steel Company, for aught appearing to the contrary, has offered no resistance to a continuation of said proceeding, in the court which has jurisdiction to hear and determine the same. Nor have the several defendants in the law action complained.

It may be annoying to one to be forced to leave his place of business to attend court, but that furnishes no ground for equitable relief. For the loss of time, he is supposed to be remunerated.

It is but fair to assume that, if it is made to appear to the justice of the peace that his processes are being used oppressively, and for the accomplishment of illegal purposes, and in bad faith, this official will use punitive measures to redress such wrongs. It is certain that the averments of the bill, with or without the pleader's conclusions and deductions, do not present a case for equitable relief. 32 C. J. § 430, p. 272. The bill is wholly wanting in equity. The court below erred in not sustaining the respondent's demurrer thereto, and in not dissolving the injunction. A decree will here be entered sustaining the demurrer, and dissolving the injunction.

Reversed and rendered, and injunction dissolved.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.